Christopher P. Fields (SBN 174155)
LEE & FIELDS
A Professional Corporation
3701 Wilshire Blvd. – Suite 510
Los Angeles, California 90010
Tel.: (213) 380-5858
Fax: (213) 380-5860

Attorneys for Plaintiff,
GLOBAL CREATIVE GROUP

FILED
2009 OCT 19 PM 4: 07
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY_____

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES

| | |
|---|---|
| FARREN MUSIC AMERICA, a Limited Liability Company dba GLOBAL CREATIVE GROUP,<br><br>Plaintiff,<br><br>vs.<br><br>OXYGEN MEDIA, a California Limited Liability Company; Bunim / Murray Productions, a business entity of unknown form; and DOES 1 through 10, inclusive.<br><br>Defendants. | Case No. CV09 07592 ODW (JEMx)<br><br>COMPLAINT FOR<br>(1) COPYRIGHT INFRINGEMENT;<br>(2) UNFAIR BUSINESS PRACTICES [CALIFORNIA BUSINESS & PROFESSIONS CODE §17200];<br>(3) UNJUST ENRICHMENT<br>(4) INJUNCTIVE RELIEF<br><br>JURY DEMAND |

Plaintiff, FARREN MUSIC AMERICA, a Limited Liability Company dba GLOBAL CREATIVE GROUP ("GCG"), a California business entity, alleged the following against Defendants:

///

LEE & FIELDS
A PROFESSIONAL CORPORATION
3701 Wilshire Blvd., Ste. 510
Los Angeles, CA 90010
(213) 380-5858

COMPLAINT
- 1 -

## PARTIES

1. Plaintiff GLOBAL CREATIVE GROUP (hereinafter "GCG"), is a California company with a main place of business at 11664 National Boulevard, Suite 361, Los Angeles, CA 90064. CGC is in the business of producing and distributing media content. CGC is the proprietor of the copyrighted content of Volume 6 of its "Shadow Dancers" line of materials, which was infringed upon by all named defendants in this instant matter.

2. Defendant OXYGEN MEDIA ("OXYGEN") is a Delaware Limited Liability Company, headquartered at 75 9th Street in New York, New York (10011). OXYGEN is the proprietor of or retains an interest in the Oxygen Network, a television / cable channel, which airs a variety of television shows and film features.

3. Defendant BUNIM MURRAY PRODUCTION ("BUNIM MURRAY") is a business entity of unknown form located at 6007 Sepulveda Boulevard, in Van Nuys, California. CGC is in the business of producing and distributing media content, and is the producer of The "Bad Girls Club" which was featured on the channel of co-defendant, OXYGEN MEDIA.

4. At present, the true names and capacities, whether individual, corporate, or otherwise, of Defendants DOES 1 though 50 are unknown to Plaintiff and Plaintiff therefore sues these individuals by their fictitious names and capacities in place of their legal names, but asks leave to amend with their legal names if and when Plaintiff identifies them.

5. On information and belief, DOES 1-50 have acted or failed to act in concert with OXYGEN as alleged herein, and are responsible in some manner for

LEE & FIELDS
A PROFESSIONAL CORPORATION
3701 Wilshire Blvd., Ste. 510
Los Angeles, CA 90010
(213) 380-5858

COMPLAINT

- 2 -

the injuries and damages suffered by Plaintiff. All references to "Defendants" shall be deemed to include OXYGEN and DOES 1-50.

6. At all times mentioned herein, unless otherwise stated, each Defendant was the agent, employee, servant, or representative of each of the remaining Defendants, and in doing the acts alleged herein, was acting within the course and scope of that agency, employment, service, and representation, and with the knowledge, ratification, approval, authorization, and consent of each of the other Defendants, and/or their officers and/or managing agents.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action pursuant to the Copyright Act of 1976, Title 17, United States Code, § 101, et seq. and also Title 15, United States Code, § 1051, et seq. and also 18 United States Code § 1964, et seq.

8. Jurisdiction of the subject matter is conferred on this Court by 28 United States Code §§ 1331 and 1338.

9. Venue is proper under 28 United States Code § 1391.

10. This Court has personal jurisdiction over OXYGEN and BUNIM MURRAY (and all DOE defendants) in that, among other things, Defendants conduct business in the State of California, and Defendants' misconduct occurred in this judicial district, and Plaintiff is suffering harm in this District (among others). Over the airwaves of California, other States and federal territories, Defendants transmitted for its own commercial benefit parts of Plaintiff's copyrighted and otherwise protected materials without Plaintiff's permission, express or otherwise, and absent a license or privilege to do the same.

///

LEE & FIELDS
A PROFESSIONAL CORPORATION
3701 Wilshire Blvd., Ste. 510
Los Angeles, CA 90010
(213) 380-5858

COMPLAINT

- 3 -

## GENERAL ALLEGATIONS

11. GCG presents visual entertainment which is specifically catered to the service and hospitality industry. The company provides select hardware, downloadable and DVD video visuals, as well as custom content for various professional needs. Plaintiff's products are used by a wide range of people and businesses, including VJs, DJs, bar and club owners, party planners, retailers, nightlife establishments, and others. Plaintiff owns and administers the copyrights of said products and has invested substantial money, time, effort and creative talent to protect and properly develop its copyrighted materials. GCG's products may be purchased through various, standard media outlets, such as Amazon.com, retail stores, Best Buy, and others.

12. Defendant OXYGEN produces a variety of television and film programs that are nationally featured on its cable channel, the Oxygen Network. The "Bad Girls Club" is a television show which runs on the Oxygen Network and is produced by BUNIM MURRAY. On or about March 3, 2009, during episode 11 (entitled "Make a Run for the border") of season three (3) of "The Bad Girl's Club," the Oxygen Network aired and BUNIM MURRAY used footage from Volume 6 of "Shadow Dancers" without first attaining relevant consent. "Shadow Dancers" is protected, copyrighted content exclusively owned by GCG.

13. Less than a month later, Plaintiff became aware that Defendants, including DOE defendants, unlawfully incorporated images of its product, namely "Shadow Dancer," into episode 11 of "The Bad Girl's Club." Defendant's unauthorized use of Plaintiff's creative work materially enhanced OXYGEN, the Oxygen Network, and BUNIM MURRAY to the detriment of Plaintiff and

Plaintiff's content. Such display was conducted without Defendants obtaining a public performance license or other permission from the copyright holder, Plaintiff GCG.

14. On or about April 7, 2009, counsel for Plaintiff sent correspondence to OXYGEN, which addressed the subject and ramifications of Defendants' infringement upon Plaintiff,'s copyright, and further included a demand for reasonable compensation per its unlawful conduct. Therein, Plaintiff expressly informed OXYGEN that "[n]ormally, GCG grants an unlimited use license for "Shadow Dancers" at the rate of $12,000.00 per title." Plaintiff made it clear, however, that "GCG is willing [at that time] to settle this matter short of litigation for $7,500.00." In response, in no uncertain terms, OXYGEN rejected Plaintiff's offer of compromise.

15. On or about July 24, 2009 counsel for Plaintiff also sent correspondence to BUNIM MURRAY, to address the same subject and ramifications of Defendants' infringement upon Plaintiff's copyright, and further included a demand for reasonable compensation per its unlawful conduct. Therein, Plaintiff expressly informed BUNIM MURRAY that "[n]ormally, GCG grants an unlimited use license for "Shadow Dancers" at the rate of $12,000.00 per title." Plaintiff made it clear, however, that "GCG is willing [at that time] to settle this matter short of litigation for $10, 000.00." In response, in no uncertain terms, BUNIM MURRAY rejected Plaintiff's offer of compromise.

16. On information and belief, at no point in time have Defendants acquired a public performance license or otherwise obtained any authorization for the public display of images from Plaintiff's products.

LEE & FIELDS
A PROFESSIONAL CORPORATION
3701 Wilshire Blvd., Ste. 510
Los Angeles, CA 90010
(213) 380-5858

COMPLAINT

- 5 -

17. Upon information and belief, by reason of the foregoing described facts, Defendants made substantial profits and saved significantly on advertising costs, to which they are not entitled, as a result of the utilization of Plaintiff's products without a license.

## FIRST CLAIM FOR RELIEF

### (Copyright Infringement against All Defendants and Does 1-50)

18. Plaintiff incorporates herein by reference the allegations set forth in paragraphs 1 through 17 of this Complaint.

19. Without the consent, approval, or license of the Plaintiff, Defendants have infringed upon Plaintiff's copyrighted images, which were created and owned by the Plaintiff, by reproducing, adapting, distributing, and/or publicly performing Plaintiff's products without authorization, in violation of the Copyright Act, 17 U.S.C. § 101.

20. On information and belief, Defendant OXYGEN and BUNIM MURRAY have used and continues to use, without license or permission, Plaintiff's products.

21. Defendants' acts of infringement were and are willful, in disregard of and with indifference to the rights of Plaintiff.

22. As a direct and proximate result of the infringements by Defendants, Plaintiff is entitled to actual damages in an amount yet to be determined. Alternatively, Plaintiff is entitled to maximum statutory damages of $150,000 for each copyright infringed, or in such other amount as may be proper under 17 U.S.C. § 504 (c).

LEE & FIELDS
A PROFESSIONAL CORPORATION
3701 Wilshire Blvd., Ste. 510
Los Angeles, CA 90010
(213) 380-5858

COMPLAINT

- 6 -

LEE & FIELDS
A PROFESSIONAL CORPORATION
3701 Wilshire Blvd., Ste. 510
Los Angeles, CA 90010
(213) 380-5858

23. Defendants' infringement of Plaintiff's copyright has yielded Defendants profits in an amount to be determined.

24. Plaintiff is further entitled to its attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

25. As a result of Defendants' act and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Plaintiff is informed and believes, and on that basis avers, that unless enjoined and restrained by this Court, Defendants will continue to infringe its rights in its products. Plaintiff is entitled to preliminary and permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

26. As a result of Defendants' actions, Plaintiff has been damaged in an amount to be determined at a trial of this action, which upon information and belief, exceeds the sum of $400,000.00.

## SECOND CLAIM FOR RELIEF

### (Unfair Competition Under California Bus. & Prof. Code §17200 against All Defendants and Does 1-50)

27. Plaintiff incorporates herein by reference the allegations set forth in paragraphs 1 through 26 of this Complaint.

28. Defendants unlawfully, unfairly and fraudulently accessed, utilized and publicly displayed Plaintiff's products, with the purpose of using Plaintiff's products to publicly, unlawfully and fraudulently advertise their business without seeking to obtain a public performance license or to otherwise compensate Plaintiff.

COMPLAINT

- 7 -

29. Defendants' acts hereinabove alleged are acts of unfair competition within the meaning of Business and Professions Code §17200. Plaintiff is informed and believes that the Defendants will continue to do those acts and cause irreparable injury to Plaintiff unless the court orders the defendant to cease and desist.

### THIRD CLAIM FOR RELIEF

**(Unjust Enrichment against All Defendants and Does 1-50)**

30. Plaintiff incorporates herein by reference the allegations set forth in paragraphs 1 through 29 of this Complaint.

31. Defendants have used, without authorization, Plaintiff's products in a number of public locations, without obtaining a license or otherwise compensating Plaintiff for said use.

32. Plaintiff has invested massive amounts of capital, labor, and time over the last five (5) years to create the aforementioned products and systems.

33. Plaintiff has lost potential licensing and other revenue as a proximate result of Defendants' actions in an amount to be determined.

### FOURTH CLAIM FOR RELIEF

**(Injunctive Relief against All Defendants and Does 1-50)**

34. Plaintiff incorporates herein by reference the allegations set forth in paragraphs 1 through 33 of this Complaint.

35. Plaintiff also requests injunctive relief against these Defendants. In specific, Defendant seeks permanent and final injunctions on such terms as it may deem reasonable to prevent or restrain future infringement of said copyright.

///

LEE & FIELDS
A PROFESSIONAL CORPORATION
3701 Wilshire Blvd., Ste. 510
Los Angeles, CA 90010
(213) 381-5838

COMPLAINT

- 8 -

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief:

    a. On the first count for relief, damages in an amount to be determined at a trial of this action, which upon information and belief, exceeds the sum of $400,000.00;

    b. On the second count for relief, damages in an amount to be determined at a trial of this action, which upon information and belief, exceeds the sum of $400,000.00;

    c. An order preliminarily and permanently enjoining Defendants from infringing on Plaintiff's copyright.

    d. For an award equal to the amount that Defendants have been unjustly enriched.

    e. The costs and disbursement of this action including reasonable attorney's fees together with such other and further relief that this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs respectfully demand a trial by jury in this action.

DATED: September 16, 2009

LEE & FIELDS
A Professional Corporation

*/s/ Christopher P. Fields*
Christopher P. Fields
Attorney for Plaintiff,
GLOBAL CREATIVE GROUP

LEE & FIELDS
A PROFESSIONAL CORPORATION

3701 Wilshire Blvd., Ste. 510
Los Angeles, CA 90010
(213) 380-5858

COMPLAINT

- 9 -

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Otis D. Wright II and the assigned discovery Magistrate Judge is John E. McDermott.

The case number on all documents filed with the Court should read as follows:

### CV09- 7592 ODW (JEMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

## NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[_] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[_] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)  NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
FARREN MUSIC AMERICA, A L.L.C., DBA GLOBAL CREATIVE GROUP

**DEFENDANTS** OXYGEN MEDIA, A L.L.C.; BUNIM / MURRAY PROD., A BUSINESS ENTITY OF UNKNOWN FORM; +DOES 1-50

(b) County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):

County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):

(c) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
LEE & FIELDS, APC
3701 WILSHIRE, BLVD. # 510
LA, CA 90010
213) 380-5858

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☒1 | Incorporated or Principal Place of Business in this State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. ORIGIN** (Place an X in one box only.)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION** under F.R.C.P. 23: ☐ Yes ☒ No     ☐ **MONEY DEMANDED IN COMPLAINT:** $ 150,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
COPYRIGHT INFRINGEMENT

**VII. NATURE OF SUIT** (Place an X in one box only.)

OTHER STATUTES:
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities /Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Act
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Info. Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

CONTRACT:
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☒ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

REAL PROPERTY:
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

TORTS - PERSONAL INJURY:
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☐ 365 Personal Injury-Product Liability
☐ 368 Asbestos Personal Injury Product Liability

TORTS - PERSONAL PROPERTY:
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

BANKRUPTCY:
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

CIVIL RIGHTS:
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 445 American with Disabilities - Employment
☐ 446 American with Disabilities - Other
☐ 440 Other Civil Rights

PRISONER PETITIONS:
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus/Other
☐ 550 Civil Rights
☐ 555 Prison Condition

FORFEITURE/PENALTY:
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety /Health
☐ 690 Other

LABOR:
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

PROPERTY RIGHTS:
☒ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

SOCIAL SECURITY:
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

FEDERAL TAX SUITS:
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s):

**FOR OFFICE USE ONLY:** Case Number: **CV09 07592**

CV-71 (07/05)     CIVIL COVER SHEET     Page 1 of 2

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

VIII(b). RELATED CASES: Have any cases been previously filed that are related to the present case? ☒ No ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE: List the California County, or State if other than California, in which EACH named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.

PLAINTIFF:   LOS ANGELES COUNTY

List the California County, or State if other than California, in which EACH named defendant resides. (Use an additional sheet if necessary).
☐ Check here if the U.S. government, its agencies or employees is a named defendant.

DEFENDANT OXYGEN MEDIA:   LOS ANGELES COUNTY
DEFENDANT BUNIM/MURRAY PRODUCTIONS:   LOS ANGELES COUNTY

List the California County, or State if other than California, in which EACH claim arose. (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.

INCLUDING, BUT NOT LIMITED TO ALL OR MOST COUNTIES IN SOUTHERN CALIFORNIA

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date 10-16-2009

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |